## MAY, STERN & CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 4594.

Circuit Court of Appeals, Third Circuit.
Dec. 31, 1931.

On Rehearing March 23, 1932.

Louis Caplan and Charles H. Sachs, both of Pittsburgh, Pa. (Sachs & Caplan, of Pittsburgh, Pa., of counsel), for petitioner.

Wm. Cutler Thompson, of Washington, D. C., for respondent.

Norman D. Keller, of Washington, D. C., for respondent on rehearing.

Before BUFFINGTON, WOOLLEY and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

This was an appeal by a taxpayer from a decision of the Board of Tax Appeals. Ever since its incorporation in 1906, the taxpayer, a large merchandise installment house, has used a method of accounting in which the freight and drayage on incoming merchandise, bought for resale, was charged to business expense and deducted from gross profit for the year in which made. This system of bookkeeping it still continues, and, under the law, it was permitted to continue. But later on the taxpayer took advantage of an installment law return of income as provided by Revenue Act 1926, § 212 (d), 26 USCA § 953 (d), made retroactive by section 1208 of the Revenue Act of 1926, 26 USCA § 953a. Having accepted the presumed benefits thereof, it follows that the taxpayer submitted itself to the burdens thereof. The difference between the two methods is stated by the Tax Board as follows: "Under the petitioner's method, the entire amounts expended in the taxable years for freight and drayage, would be deducted, in entirety, as expenses for those years; while under the respondent's method, only a portion of the expenditures for those items are deducted in the taxable year."

In view of the taxpayer voluntarily taking advantage of the provisions of the installment law in question, we find no error in the order of the Tax Board, and therefore it is affirmed.

### On Rehearing.

PER CURIAM.

Yielding to the urgent solicitation of the taxpayer, we granted a rehearing and have again given full consideration to the whole case, with the result that we are firm in our conviction that the case was rightly decided.